UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMILIA D. WELLS,

    Plaintiff,

v.                                                CASE NO. 3:23-cv-91-HES-JBT

TRANSUNION, LLC, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Motion") (Doc. 7). For the reasons stated herein, the undersigned recommends that the Motion be **DENIED** and that the case be **DISMISSED without prejudice**.

### I.   Background

On March 7, 2023, the undersigned entered an Order taking the Motion under advisement. (Doc. 5.) The Order stated: "On or before March 28, 2023, Plaintiff shall file an amended complaint and a new motion in compliance with this Order and all applicable rules and law." (*Id.* at 6.) Plaintiff filed her Amended Complaint ("AC") (Doc. 6) and a new motion on March 28, 2023. However, the AC does not cure the deficiencies noted in the prior Order.

### II.   Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed

without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) of the Federal Rules of Civil Procedure demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

While pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [*pro se*] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[1]  As such, *pro se* complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may even be dismissed. *Id.* at 276.

### III.   Analysis

Even liberally construed, Plaintiff's AC does not meet the above requirements and is otherwise deficient for several reasons, including that it is still a shotgun pleading and still fails to otherwise meet the pleading standard required by Federal Rule of Civil Procedure 8(a).  (*See* Doc. 6.)  Preliminarily, the AC is an impermissible "shotgun pleading" at least because it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases).

---

[1] The undersigned does not rely on unpublished opinions as binding precedent. However, they may be cited when the Court finds them persuasive on a particular point. *See McNamara v. GEICO,* 30 F.4th 1055, 1060–61 (11th Cir. 2022).

Further, the AC otherwise fails to meet the pleading standard required by Federal Rule of Civil Procedure 8(a). Plaintiff alleges violations of the FCRA, 15 U.S.C. § 1681 et seq., against TransUnion, LLC and "Bridgecrest formerly dri." (*See generally* Doc. 6.) However, like the original Complaint, the AC is not "a short and plain statement of the claim showing that the pleader is entitled to relief," nor does it contain "simple, concise, and direct" allegations as required by Federal Rule of Civil Procedure 8. *See* Fed. R. Civ. P. 8(a)(2) & (d)(1). Instead, its lengthy and repetitive allegations and numerous exhibits serve to confuse more than clarify the causes of action Plaintiff is attempting to bring.

For example, in a section titled "Bridgecrest Formerly DRI Dispute and Violation," Plaintiff expanded upon her chief allegations against both Defendants. (*See* Doc. 1 at 3–5; Doc. 6 at 3–5.) Then, like in the original Complaint, the AC incorporates the previously-mentioned section by reference in subsequent sections, and adds additional redundant and/or confusing allegations. (*See* Doc. 6 at 5–11.) Even construed liberally, the AC is still both overly lengthy and yet conclusory.

Most importantly, to the extent that the undersigned can determine what is being alleged, the AC's factual allegations are insufficient to state a plausible claim for relief. The AC's chief factual allegations appear to concern the repossession of Plaintiff's automobile by Defendant Bridgecrest, an accompanying $8,086 deficiency balance following the sale of the automobile at an auction, and the

4

subsequent reporting of that deficiency balance to Defendant TransUnion, LLC. (*Id.* at 3–4; Doc. 6-1.)  Plaintiff alleges in a conclusory fashion that Bridgecrest did not sell the automobile in a "commercially reasonable manner" and did not provide "written and signed notices to Plaintiff of Defendant's right to sell Plaintiff's automobile as collateral to financial obligation and claim any deficiency." (Doc. 6 at 3.)  However, Plaintiff alleges no plausible facts in support of her conclusion that the sale was not "commercially reasonable."  Moreover, to the extent that Plaintiff plausibly alleges that she received significantly insufficient notice prior to the sale, she fails to allege any action that she would or could have taken had she received proper notice.[2]  *See* Fla. Stat. § 537.012.  Thus, Plaintiff fails to state a claim for relief.

In sum, the AC fails to allege sufficient non-conclusory facts to allow for a reasonable inference that Defendants are liable for any of the matters alleged. Therefore, the undersigned recommends that the Motion be denied and that the AC be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 7**) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

---

[2] Exhibit A to the AC shows that Plaintiff owed more than $9,000.00, and that the subject vehicle, a 2011 Kia Forte, was sold in 2020 for $900.00.  (Doc. 6-1 at 1.)  Given the difference between what Plaintiff owed and the apparent value of the vehicle, it is highly unlikely that Plaintiff could have done anything to avoid a sizable deficiency balance.

3.  The Clerk of Court be directed to terminate any pending motions and close the file.

## Notice to Plaintiff

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on April 25, 2023.

/s/ Joel B. Toomey
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

*Pro se* Plaintiff

6